```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA
```

ELIZABETH ALLEN,                    )
                                    )
        Plaintiff,             )
                                    )
                                    ) Case No. CIV-20-042-JFH-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
        Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth Allen (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 39 years old at the time of the ALJ's decision. She has a high school education. She worked in the past as a telemarketer, apartment manager, leasing agent, real estate clerk, and administrative assistant. She alleges an inability to work beginning on May 1, 2011, due to limitations resulting from depressive disorders, anxiety disorders, and other mental impairments.

### Procedural History

On February 27, 2015, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and protectively filed for supplemental security income benefits pursuant to Title

3

XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's claims were denied initially and upon reconsideration. After conducting an administrative hearing, ALJ David LaBarre entered an unfavorable decision on December 1, 2017. Claimant requested review of the decision by the Appeals Council, and on July 16, 2018, the Appeals Council vacated the hearing decision and remanded the case to ALJ LaBarre for further proceedings. (Tr. 198-203).

On December 7, 2018, ALJ LaBarre conducted another administrative hearing in Oakland, California, at which Claimant testified. On March 21, 2019, the ALJ entered an unfavorable decision. Claimant again requested review by the Appeals Council, and on December 9, 2019, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with nonexertional mental limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by overstating her mental and physical functional capacities in the RFC assessment.

4

**RFC Assessment**

In his decision, the ALJ found Claimant suffered from severe impairments of major depressive disorder, unspecified anxiety disorder, unspecified trauma and stress disorder, unspecified personality disorder with borderline features, alcohol use disorder, cannabis use disorder, and polysubstance dependence disorder. (Tr. 33). He determined Claimant could perform a full range of work at all exertional levels, but she was limited to simple, routine tasks in the workplace. She could have occasional interaction with the general public and occasional interaction with co-workers that did not involve working on teams. Claimant would be off task five percent of an eight-hour workday because of her symptoms of depression and would be absent once a month because of her depressive disorder. (Tr. 35).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of kitchen helper, hospital cleaner, and hand packer, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 41-42). As a result, the ALJ concluded that Claimant was not under a disability from May 1, 2011, through the date of the decision. (Tr. 42).

As an initial matter, this Court notes Claimant's opening brief is filled with conclusory statements, making it impossible to decipher Claimant's exact arguments. There are no citations to

the evidence from the administrative record, and citations to authorities supporting her allegations are few and far between. It is a claimant's burden to prove disability in a social security case, "and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). A claimant must provide an argument with citations to the record and supporting legal authorities. *See Alford v. Commissioner, SSA*, 767 Fed. Appx. 662, 666 (10th Cir. 2019) (finding claimant's argument "inadequate because it is conclusory and unsupported by evidence or legal authority"), *citing Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1369-70 (10th Cir. 20150 ("A brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority[.]"). Thus, a court need only "consider and discuss" . . . those of [a claimant's] contentions that have been adequately briefed for our review." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

Claimant makes a general argument that the ALJ improperly considered her nonexertional limitations and their impact on her ability to engage in competitive employment. She asserts the ALJ overstated both her mental and physical functional capacities in the RFC assessment. Claimant includes no citations to the record

6

or supporting legal authorities in support of the contention.[2]

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96-8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id*. The ALJ must

---

[2] Claimant also raises other conclusory and unsupported arguments for the first time in her reply brief. For example, although Claimant briefly mentions certain mental health listings in her opening brief when summarizing the ALJ's decision, she did not raise an error in the ALJ's evaluation of the listings until her reply brief. Moreover, regarding her past alcohol and drug use, there is absolutely no mention of substance use in the opening brief, but again Claimant appears to raise the issue in her reply brief through conclusory allegations that the ALJ improperly considered her substance use in the disability determination. The Tenth Circuit follows the general rule that an argument raised for the first time in a reply brief is deemed waived. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (citation omitted). A district court serves as a "first-tier appellate court" in social security cases. *See Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1501 (10th Cir. 1992) (citation omitted). Thus, this Court will not consider the above-mentioned arguments because they were raised by Claimant for the first time in her reply brief and are therefore deemed waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007)("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

"explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

A review of the ALJ's decision reveals that he considered the medical evidence, testimony, and other evidence of record when reaching the RFC assessment. He discussed Claimant's numerous treatment records in the decision (Tr. 36-37), and he considered the opinion evidence regarding Claimant's physical and mental impairments, discussing the weight afforded to the opinions of the state agency consultants (Tr. 37-38, 127-36, 137-46, 149-62, 163-76), consultative examiners (Tr. 38, 515-23, 526-35, 537-44), treating sources (Tr. 38-39, 449-50, 473-78, 480-95, 496-512), and the medical expert who testified at Claimant's administrative hearing (Tr. 39, 91-103). He also discussed the Global Assessment of Functioning ("GAF") scores in the record and explained the weight he assigned to them. (Tr. 39-40, 434, 437, 471, 477, 643, 649). He further summarized Claimant's symptom testimony, including information reported on her function report (Tr. 35, 356-63) and her hearing testimony (Tr. 35, 76-126). He determined Claimant's symptoms were not "entirely consistent" with the medical evidence and other evidence in the record, relying on

examination records, Claimant's report of daily activities, intermittent mental health treatment, and Claimant's report to treating sources that she was looking for work and to enroll in job preparation courses. (Tr. 36-37, 40).

Based on all this evidence, the ALJ made the following findings regarding Claimant's RFC:

> [T]he undersigned finds that because of the [C]laimant's record of mental impairments, she has nonexertional limitations to the work she is able to perform. Because of her mental status examinations showing some cognitive impairment with severe deficits with new learning and memory, and treatment notes showing poor insight and judgment, and problems with memory and attention from time to time, the [C]laimant is limited to performing only simple, routine tasks in a workplace. The [C]laimant testified to anxiety around crowds and rarely leaving the house. Treatment notes also suggest trouble getting along with peers in her alcohol treatment program. Moreover, treatment notes show an anxious mood, intermittent eye contact, and poor insight and judgment at some appointments, though her appearance and behavior with medical providers have generally been normal. Accordingly, the [C]laimant is able to have only occasional interaction with the general public and occasional interaction with coworkers that does not involve working on teams. Finally, because of the significant history of the [C]laimant's mental impairments that date back to her childhood, previous hospitalization, and intermittent suicidal thoughts, the [C]laimant will be off task five percent of an eight-hour workday and absent once a month due to symptoms of her depressive disorder.

(Tr. 37). There is no error in the ALJ's assessment of Claimant's physical and mental RFC. The ALJ's RFC determination is supported by substantial evidence in the record. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (affirming denial of benefits when

ALJ's decision was supported by substantial evidence and the correct legal standards were applied).

### Step Five Evaluation

Although in a conclusory manner and with no citation to the record or supporting authorities, Claimant references in both her opening and reply briefs the ALJ's inclusion in the RFC that she would be off task five percent during a workday and would be absent one day per month. Claimant acknowledges the ALJ included the limitations in the hypothetical question to the VE, but she maintains that "[i]t is reasonable to infer that in competitive employment, a significant number of employers will not retain an employee that misses at least one scheduled workday per month or is off task even five percent of any given workday." Plaintiff's Opening Brief, p. 4 (Docket Entry #19).

The ALJ's hypothetical question to the VE stated that Claimant could perform a full range of work at all exertional levels and was able to perform simple, routine tasks, could have occasional interaction with the general public, and occasional interaction with co-workers that did not involve working on teams. The ALJ told the VE Claimant would be off-task for five percent of an eight-hour workday and would be absent once per month. Based on these limitations, the VE testified Claimant could not perform her past relevant work, but she could perform the jobs of kitchen helper, hospital cleaner, and hand packer. When asked if her

testimony was consistent with the Dictionary of Occupational Titles ("DOT"), the VE testified it was consistent, except her testimony regarding Claimant being off-task and absent from work was based on her experience. (Tr. 122-23, 423-24).

There is no error in the ALJ's RFC determination as it relates to the hypothetical question posed to the VE. The ALJ could rely upon the testimony of the VE based upon her experience that Claimant could perform the jobs of kitchen helper, hospital cleaner, and hand packer, even though Claimant was off-task five percent in an eight-hour workday and would be absent one day per month. *See* Soc. Sec. Rul. 00-4P, 2000 WL 1898704, at *3 (Dec. 4, 2000) ("Information about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling."); *see also Holcom v. Barnhart*, 79 Fed. Appx. 397, 398-99 (10th Cir. 2003) (relying on *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999) and SSR 00-4P and accepting the testimony of the VE that "although the DOT does not delineate or expressly address all of [claimant's] limitations, based on her thirty years of experience in observing these jobs and in placing people in these and other occupations, . . . [claimant] had the RFC to perform the jobs identified.").

Those limitations found to exist by the ALJ were included in his hypothetical question to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000)(finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment.") (citation omitted). Based on the VE's testimony, the ALJ determined Claimant was not disabled. (Tr. 41-42, 122-23).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 1st day of March, 2021.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE